UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON E. YOUNG,

    Plaintiff,

    v.

NICHOLAS HOOKS,

    Defendant.

Civil Action 2:16-cv-250
Chief Judge Edmund A. Sargus
Magistrate Judge Elizabeth P. Deavers

## ORDER and REPORT AND RECOMMENDATION

### I. BACKGROUND

Plaintiff, Aaron Young ("Plaintiff"), an inmate in an Ohio state prison initiated this action by filing a Complaint (ECF No. 1; the "Complaint") against Defendant on March 23, 2016. Plaintiff, who is proceeding *pro se*, brings civil rights claims under 42 U.S.C. § 1983 against Defendant, Nicholas Hooks ("Defendant" or "Hooks"), a Correctional Officer, in his personal capacity. On April 15, 2016, the Court permitted Plaintiff to proceed *in forma pauperis*. (ECF No. 4.) Plaintiff filed an Amended Complaint on May 12, 2016. (ECF No. 9; the "Amended Complaint" or "Am. Compl.".) Plaintiff alleges Defendant used excessive force against him in the course of performing a cell search, as well as violated Plaintiff's religious rights during the search.

Defendant now seeks dismissal of the Amended Complaint for failure to state a claim. (ECF No. 13.) Plaintiff filed his Response in Opposition on August 2, 2016. (ECF No. 16.) Defendant filed his Reply to the Response on August 15, 2016. (ECF No. 17.) For the reasons

that follow, the Undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**. Plaintiffs two Motion to File a Sur Reply (ECF Nos. 18, 19), Motion to Strike (ECF No. 20), and Motion to Amend Sur Reply (ECF No. 21) are **DENIED**.

## II. STANDARD OF REVIEW

Defendants bring their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on

a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

Plaintiff bring his claims against Defendant under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub nom. Brandon v. Holt*, 469 U.S. 464 (1985). To sufficiently plead the first element, a plaintiff must allege "personal involvement" on the part of the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted).

> The three elements of a First Amendment retaliation claim are as follows:
>
> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Rapp v. Putman*, No. 15-1995, 2016 WL 1211850 at *3 (6th Cir. Mar. 29, 2016) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*)) (internal quotes omitted). "[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a . . . claim." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

**A. Excessive Force Claims**

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Whether [a defendant's] alleged conduct constitute[s] excessive force in violation of the Eighth Amendment depends on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id*. (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)); *see also Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) ("Corrections officers do not violate a prisoner's Eighth Amendment rights when they apply force in a good-faith effort to maintain or restore discipline." (internal quotation marks and citation omitted)). Relevant factors in this analysis include "the extent of injury suffered by an inmate, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Combs v. Wilkinson*, 315 F.3d 548, 556-57 (6th Cir. 2002) (internal quotation marks and citation omitted).

A claimant need not establish a "significant injury" to prove an excessive-force violation. *Wilkins v. Gaddy*, 559 U.S. 34, 37-40 (2010). The Supreme Court, however, has cautioned that the extent of the injury is still meaningful in the analysis:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. [*Hudson*, 503 U.S. at 7] "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Id*. (quoting *Whitley*, 475 U.S. at 321). The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson*, not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Id*. (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

*Id*. at 37-38.

Plaintiff alleges that, during the course of a search of his cell, he "went to the correctional officer podium to report to the block officer that Hooks was not following proper cell search procedure because he was throwing all of [Plaintiff's] property on the cell floor." (Am. Compl. ¶ 9.) After yelling at Plaintiff to return, according to Plaintiff, Defendant ordered him to the wall, where Plaintiff "placed his hands on the window bars, spreading his legs further than shoulder length." (*Id*. ¶ 17.) "Instead of giving [Plaintiff] a direct order to spread his legs wider," Defendant allegedly proceeded to "viciously kick [Plaintiff's] ankles, causing [Plaintiff] to almost fall." (*Id*. ¶ 18.) As a result of the kicks, Plaintiff further alleges, "his ankles became swollen and sore, resulting in him having to limp." (*Id*. ¶ 19.)

The Sixth Circuit has explained the deference owed to a prison official's decision to use force in order to maintain institutional security and discipline:

5

> The maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law; however, a violation of the Eighth Amendment will nevertheless occur if the offending conduct reflects an unnecessary and wanton infliction of pain. Factors to consider in determining whether the use of force was wanton and unnecessary include the extent of injury suffered by an inmate, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.

*Combs v. Wilkinson*, 315 F.3d 548, 556–57 (6th Cir. 2002) (internal quotations and citations omitted). The court further explained:

> Because prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, we must grant them wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Id*. at 557.

Here, the allegations do not rise to the level of an unreasonable application of force against Plaintiff. Plaintiff states that Defendant kicked his ankles to spread his legs further apart in order to effectuate a search. (Am. Compl. ¶ 18.) Thus, Defendant had a reasonable penological reason to effectuate the force. Additionally, in analyzing the extent of the injury, even accepting all of Plaintiff's factual allegations as true, Plaintiff did not require or seek any medical care as a result of his ankle swelling or pain. Even accepting Plaintiff's plausible allegations as true, considering the legitimate penological interest in effectuating inmate and cell searches, together with the minor injury Plaintiff sustained, the Undersigned finds that the force utilized in kicking Plaintiff's ankles was justified and reasonably "applied in a good-faith effort to maintain or restore discipline," not "maliciously or sadistically to cause harm." *Whitley*, 475 U.S. at 319. It is therefore

**RECOMMENDED** that the Court conclude that Defendant is entitled to dismissal of Plaintiff's excessive force claim.

## B. First Amendment Religious Claim

The First Amendment, made applicable to the states through the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. "Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tennessee*, 424 F. App'x 546, 549 (6th Cir. 2011). "Under § 1983, a prisoner alleging that the actions of prison officials violate his religious beliefs must show that the belief or practice asserted is religious in the person's own scheme of things and is sincerely held." *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (citation and internal quotation marks omitted). The prisoner must also show that the prison's action substantially burdens his sincerely held religious beliefs. *Id*. "An action of a prison official will be classified as a substantial burden when that action forced an individual to choose between following the precepts of his religion and forfeiting benefits or when the action in question placed substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Hayes*, 424 F. App'x at 555 (internal quotation marks and citations omitted). Under § 1983, if the action substantially burdens a prisoner's sincerely held beliefs, the action "is valid if it is 'reasonably related to legitimate penological interests.'" *Colvin v. Caruso*, 605 F.3d 282, 296 (6th Cir. 2010) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

The Amended Complaint alleges that when Plaintiff returned to his cell after the serch, he "discovered that the top on his prayer oil bottle was off and that the oil had been poured out." (Am. Compl. ¶ 20.) Defendant now asserts that Plaintiff has not made a discernible allegation that any prison policy or regulation has resulted in an infringement of his First Amendment right

to practice his faith.  Additionally, Defendant asserts that Plaintiff's prayer oil allegations are not properly pled First Amendment violations, but rather a deprivation of property claim.  In support of his argument, Defendant posits that Plaintiff has not alleged that he has been entirely deprived of his right to use prayer oil, but only that Defendant disposed of one bottle of prayer oil.

The Sixth Circuit has established that restrictions on a prisoner's access to prayer oil is "rationally related to a legitimate penological interest in security because these items are flammable and can be used to mask the odor of marijuana." *Joseph v. Campbell*, 10 F. App'x 264, 266 (6th Cir. 2001) (citing *Mustafaa v. Dutton,* No. 91–6292, 1992 WL 51473, at *2 (6th Cir. Mar. 18, 1992); *Dettmer v. Landon,* 799 F.2d 929, 933–34 (4th Cir. 1986)); *see also Jaami v. Compton*, 182 F.3d 917, *1 (6th Cir. 1999) (upholding dismissal of claim that prisoners were not allowed to use prayer oils in their cells as frivolous).  Here, Plaintiff's allegation that he was deprived the use of a bottle of prayer oil in his cell is "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system." *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).  It is therefore **RECOMMENDED** that the Court conclude that Defendant is entitled to dismissal of Plaintiff's First Amendment claim.

## IV. CONCLUSION

For the reasons stated above, the Undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 13) be **GRANTED**.  Plaintiff's Motions to File Sur Reply (ECF Nos. 18, 19), and Motion to Amend Sur Reply (ECF No. 21) are **DENIED** because additional briefing is not necessary to resolve the issues before the Court.  Plaintiff's Motion to Strike (ECF No. 20) is also **DENIED** because Defendant properly filed his Reply consistent with the Federal Rules of Civil Procedure.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: February 7, 2017                                /s/ *Elizabeth A. Preston Deavers*
                                                    ELIZABETH A. PRESTON DEAVERS
                                                    UNITED STATES MAGISTRATE JUDGE