UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON E. YOUNG,

    Plaintiff,

v.

    Case No. 2:16-cv-0250
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Elizabeth P. Deavers

NICHOLAS HOOKS,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Objections (ECF No. 23) to the Magistrate Judge's February 7, 2017 Order and Report and Recommendation (ECF No. 22). The Magistrate Judge recommended that the Court grant Defendant's Motion to Dismiss (ECF No. 13) the Amended Complaint for failure to state a claim. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Order and Report and Recommendation. Defendant's Motion to Dismiss is **GRANTED** and this case is **DISMISSED**.

### I.

Plaintiff Aaron E. Young is an inmate at the Correctional Reception Center ("CRC") in Orient, Ohio and is proceeding *pro se*. Young brings this action pursuant to 28 U.S.C. § 1983 against Defendant Nicholas Hooks, who is a correctional officer at CRC, alleging excessive force and infringement of religious practice in violation of the Eighth and First Amendments to the United States Constitution.

On March 22, 2016, Defendant performed a search of Plaintiff's cell. Defendant ordered

Plaintiff to move away from the cell after Plaintiff complained that his cell was being searched almost every day. (Amended Complaint ("Am. Compl.") ¶ 5–6, ECF No. 9.) Defendant specifically stated to Young that if he didn't like his cell being searched "then don't f--king come to jail" and ordered Young to "get the f--k away from the cell." (*Id.* ¶ 6.) Plaintiff then walked over to the Correctional Officer's podium to report that Defendant was not following procedure in his search because he was throwing all of Plaintiff's property on the floor. Upon noticing that Plaintiff had walked away, Defendant ordered Plaintiff back near the cell and "to get on the wall" while making several hostile remarks and threating to beat him up. (*Id.* ¶ 11–16.) Plaintiff complied with the order and placed his hands on the window bars and spread his legs. (*Id.* ¶ 17.) He alleges that "[i]nstead of giving Young a direct order to spread his legs wider, Hooks began to viciously kick Young's ankles, causing Young to almost fall." (*Id.* ¶ 18.) As a result of being kicked, Plaintiff states that his ankles became swollen and sore, causing him to limp. Plaintiff argues that Defendant used excessive against Plaintiff, who was not posing a threat. He argues that such force was not used in good faith to maintain discipline and therefore violated the Eighth Amendment.

Plaintiff further alleges that upon returning to his cell, he found all of his property scattered on the floor, with the top of his prayer oil off and the oil poured out. (*Id.* ¶ 20.) Plaintiff is a Muslim and is required to wear prayer oil during his five daily prayers. (*Id.* ¶ 24.) Plaintiff alleges that Defendant intentionally poured out the prayer oil and by doing so infringed upon Plaintiff's religious practice in violation of the First Amendment.

Plaintiff initiated this action on March 23, 2016 pursuant to 28 U.S.C. § 1983 alleging that Defendant violated his constitutional rights when he kicked him and poured out his prayer

oil. Defendant moved to dismiss Plaintiff's Amended Complaint for failure to state a claim. On February 7, 2017, Magistrate Judge Deavers issued an Order and Report and Recommendation, recommending that Plaintiff's claims be dismissed. (Report & Recommendation ("Rep. & Rec."), ECF No. 22.) The Magistrate Judge first held that Defendant did not use excessive force in violation of the Eighth Amendment when he kicked Plaintiff's ankles because he did so in order to effectuate a search and thus had a reasonable penological reason for using force. The Magistrate Judge concluded that the search was not an unreasonable application of force against the Plaintiff, who did not require or seek any medical care as a result of the incident. The Magistrate Judge further held that Plaintiff failed to state a claim for violation of his religious practice under the First Amendment because Defendant only disposed of one bottle of prayer oil and did not entirely deprive Plaintiff of his right to use prayer oil. Plaintiff objects and maintains that the Magistrate Judge erred in recommending dismissal of his claims.

## II.

"When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, such as a motion to dismiss for failure to state a claim, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made." *Myers v. Blackwell*, No. 2:12–cv–255, 2013 WL 312689, at *1 (S.D. Ohio Jan. 25, 2013) (citing 28 U.S.C. § 636(b)). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

3

U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

The Court must afford *pro se* litigants liberal construction of their pleadings and filings. *Yagley v. Occupational Safety & Health Admin., U.S. Dep't of Labor*, 461 F. App'x 411, 414 (6th Cir. 2012). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

### III.

Plaintiff maintains that the Magistrate Judge erred in recommending dismissal of his excessive force and religious infringement claims against Defendant.

**1. Excessive Force Claim**

Plaintiff makes three objections to the Magistrate Judge's Report & Recommendation regarding his Eighth Amendment excessive force claim. Plaintiff first asserts that the Magistrate Judge failed to consider all the facts set forth in the Complaint. (Plaintiff's Objection ("Obj.") at 2, ECF No. 23.) Specifically, he argues that the summary of the facts omitted the Defendant's

4

specific statements, which show that he lacked good-faith in his use of force. The Magistrate Judge described the incident as follows:

> Plaintiff alleges that, during the course of a search of his cell, he "went to the correctional officer podium to report to the block officer that Hooks was not following proper cell search procedure because he was throwing all of [Plaintiff's] property on the cell floor." (Am. Compl. ¶ 9.)After yelling at Plaintiff to return, according to Plaintiff, Defendant ordered him to the wall, where Plaintiff "placed his hands on the window bars, spreading his legs further than shoulder length." (*Id.* ¶ 17.) "Instead of giving [Plaintiff] a direct order to spread his legs wider," Defendant allegedly proceeded to "viciously kick [Plaintiff's] ankles, causing [Plaintiff] to almost fall." (*Id.* ¶ 18.)

(Rep. & Rec. at 5.)

Plaintiff alleges that the Rep. & Rec. failed to include specific statements made by the Defendant, such as: "get the f--ck away from the cell" (Am. Comp. ¶ 6); "motherfu--ker, where are you going? Bring your ass back here" (*Id.* ¶ 10–11); "shut your motherf--king mouth, bi--ch!" (*Id.* ¶ 15); and, "I am not not going to take you to [segregation], but I will take you in your cell and beat your ass. The last inmate I put my hands on ended up in F.M.C. [the hospital]. I don't give a f--k about sh-t because my daddy is the warden at Ross [Correctional Institute] and I won't get into any trouble" (*Id.* ¶ 18). (Obj. at 3.) He argues that in the context of these statements, Defendant did not use force in good faith to restore discipline, but rather did so maliciously and to cause harm.

Whether a defendant's alleged conduct constitutes excessive force in violation of the Eighth Amendment depends on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Relevant factors in this analysis include "the extent of injury suffered by an inmate, the need for application of force, the relationship between that need and the amount of force

5

used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Combs v. Wilkinson*, 315 F.3d 548, 556-57 (6th Cir. 2002) (internal quotation marks and citation omitted). "Because prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, we must grant them wide-ranging deference in the adoption and execution of . . . practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Combs v. Wilkinson*, 315 F.3d 548, 5557 (6th Cir. 2002).

Here, the Magistrate Judge was correct in concluding that "the force utilized in kicking Plaintiff's ankles was justified and reasonably 'applied in a good-faith effort to maintain or restore discipline,' not 'maliciously or sadistically to cause harm.'" (Rep. & Rec. at 6.) Despite the vulgarity and unprofessional nature of Defendant's comments made while conducting the search, the Court finds they are insufficient to overcome the wide-ranging deference given to prison officials when carrying out their duties. Moreover, "[a]n inmate has no right to be free from verbal abuse . . . and minor threats do not rise to the level of a constitutional violation." *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (holding that verbal abuse or harassment does not constitute punishment under the Eight Amendment)). This objection is without merit.

In his second objection, Plaintiff argues that Defendant's search was unnecessary because Plaintiff had fully complied with his orders and Defendant would not have ordered him away from the cell if he truly believed that Plaintiff had contraband on his person compelling the search. (Obj. at 5.) As Plaintiff points out, "a violation of the Eighth Amendment will [] occur if the offending conduct reflects an unnecessary and wanton infliction of pain." *Combs v.*

6

*Wilkinson*, 315 F.3d 548, 566–67 (6th Cir. 2002). The Sixth Circuit has explained that the use of force by a prison official will be deemed unnecessary if the defendants' conduct did not further any legitimate penological or institutional objective. *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) (finding no legitimate objective when an officer forced a prisoner onto a table and forcibly cut off his hair with a knife).

Here, Plaintiff seems to conflate the reasonableness of the search itself (which the Amended Complaint does not challenge) with whether the alleged force was used to forward a legitimate institutional purpose. Unlike *Pelfrey*, the Defendant here kicked Plaintiff at his ankles in order to spread his legs further apart to effectuate a search. Plaintiff alleges that the Defendant ordered him to move away after he commented about his cell being searched so frequently, at which point Plaintiff walked to the podium. (Am. Compl. ¶ 8.) When the Defendant began to approach the podium, Plaintiff started to walk away from him. In deference to prison officials and their need to maintain discipline, it can be reasonably inferred that Defendant perceived a threat of noncompliance based on Plaintiff's complaints and movements to and from the podium. Thus, Defendant's use of force was directly related to carrying out a legitimate institutional goal, that is, to effectuate a search in response to a reasonably perceived threat.

With respect to the level of force itself, Defendant does not deny that he kicked Plaintiff in the ankles, but argues that such use of force was de minimus. (Defendant's Motion to Dismiss at 7, ECF No. 13.) As Defendant argues, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Pelfrey*, 43 F.3d at 1039. While the Court agrees that "a plaintiff's failure to show more than de

7

minimis physical injury is not, by itself, fatal to his or her claim," Plaintiff here has not shown that the use of force was otherwise excessive in light of the minimal injury he suffered.

Finally, Plaintiff objects to the Magistrate Judge's characterization of his injury as not extensive enough to require medical care. He now maintains that he did in fact seek medical attention, as required by Ohio law in all use of force allegations. (Obj. at 6 (citing Ohio Admin. Code 5120-9-02(A)(4) ("Medical staff shall examine all individuals upon whom force was used . . .").) Plaintiff concedes that he did not state in his Amended Complaint that he sought medical attention after being searched by the Defendant, and instead only asserted that his ankles were swollen and caused him to limp. The fact that all individuals subjected to the use of force must receive medical attention fails to indicate whether Plaintiff was treated simply as a matter of course or if his injuries actually required medical attention. Nevertheless, this factor was not central to the Magistrate Judge's analysis and the additional information does not save Plaintiff's excessive force claim.

Given the wide-ranging deference to prison officials in maintaining safety, the Court concludes that Plaintiff has failed to state a claim under the Eighth Amendment based on Defendant's de minimis use of force, the use of such force in carrying out a legitimate institutional objective, and the marginal extent of Plaintiff's injury. Accordingly, the Court dismisses Plaintiff's claim for failure to state a claim for excessive force.

### 2. Religious Practice Claim

Plaintiff challenges the Magistrate Judge's characterization of his First Amendment claim alleging that his religious practice rights were violated when Defendant poured out a bottle of his prayer oil. He maintains that the Magistrate Judge improperly focused on his deprivation of the

8

use of the prayer oil, rather than the Defendant's intentional act of pouring out the oil. The Magistrate Judge concluded that Plaintiff's religious beliefs were not substantially burdened because the Defendant only poured out a single bottle of prayer oil, and did not entirely deprive Plaintiff of his right to use prayer oil.

Under § 1983, a prisoner alleging that the actions of prison officials violate his religious beliefs must show that the prison's action substantially burdens his sincerely held religious beliefs. *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010). If the action substantially burdens a prisoner's sincerely held beliefs, the action "is valid if it is 'reasonably related to legitimate penological interests.'" *Colvin v. Caruso*, 605 F.3d 282, 296 (6th Cir. 2010) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Thus, the Magistrate Judge properly focused her analysis on the burden Defendant's actions placed on Plaintiff's religious beliefs, rather than the Defendant's actions alone.

In her Report & Recommendation, the Magistrate Judge explained that "restrictions on a prisoner's access to prayer oil is 'rationally related to a legitimate penological interest in security because these items are flammable and can be used to mask the odor of marijuana.'" (R&R at 8 (citing *Joseph v. Campbell*, 10 F. App'x 264, 266 (6th Cir. 2001)).) Even a total restriction on the use of prayer oil in a prisoner's cell has been upheld as valid. *See Jaami v. Compton*, 182 F.3d 917, *1 (6th Cir. 1999) (upholding dismissal of claim that prisoners were not allowed to use prayer oils in their cells as frivolous). Thus, Plaintiff's deprivation of a single bottle of prayer oil was "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system." (*Id.* (citing *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001)).)

The Court agrees that the pleadings fail to state a claim for infringement of religious

9

practice in violation of the First Amendment. Even if Defendant poured out the prayer oil intentionally, as Plaintiff asserts in his objection, Plaintiff's claim would still fail because Defendant did not substantially burden his religious beliefs by only pouring out a single bottle. Accordingly, the Defendant is entitled to dismissal of Plaintiff's First Amendment claim.

## IV.

For the foregoing reasons, Plaintiff's Objections (ECF No. 23) are **OVERRULED** and the Magistrate Judge's Order and Report and Recommendation (ECF No. 22) is **ADOPTED**. Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED** and this case is **DISMISSED**.

**IT IS SO ORDERED.**

\_\_\_3-13-2017_____ _____
**DATE** **EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**