UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON E. YOUNG,

    Plaintiff,

v.

NICHOLAS HOOKS,

    Defendant.

Case No. 2:16-cv-250
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff's *Motion for Leave to File Sur-Reply Brief Instanter in Opposition to Defendant's Motion to Dismiss* (ECF No. 51). For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

### I.

> This Court has, for many years, had a Local Civil Rule governing how many briefs may be filed in support of or in opposition to a motion. Currently, Local Civil Rule 7.2(a) provides that only supporting, opposing, and reply memoranda may be filed "except upon leave of court for good cause shown."

*Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 207CV1190, 2010 WL 4117552, at *4 (S.D. Ohio Oct. 19, 2010) (quoting S. D. Ohio Civ. R. 7.2(a)). Rule 7.2(d) states that if a party will be relying on "proof of facts not already of record," the evidence which demonstrates the existence of those facts must be "submitted no later than[ ] the primary memorandum of the party relying on such evidence." S. D. Ohio Civ. R. 7.2(a). "Although Rule 7.2(a) does not define what constitutes good cause for filing any additional memoranda, such as a surreply, this Court has consistently held that in order for a party to be given permission to file a surreply, the reply brief must raise new grounds that were not presented as part of the movant's initial motion." *Comtide Holdings, LLC*, 2010 WL 4117552, at *4 (citing as examples *Power*

*Marketing Direct v. Moy*, 2008 WL 4849289 (S.D. Ohio November 6, 2008) and *White v. Honda of America Mfg., Inc.*, 191 F.Supp.2d 933, 944 (S.D. Ohio 2002) (holding that the mere fact that a surreply might be "helpful" is not enough to justify its filing)).

## II.

Plaintiff requests leave to file a surreply based on Defendant "attacking the allegations in the Amended Complaint," which Plaintiff contends constitutes a "new argument." (Pl.'s Mot. to File Surreply at 1.) Plaintiff supports this assessment throughout his Motion, contending for example that Defendant argues that "[t]he fact that the allegations show 'a ruse to get Young to retaliate' or alleged malice would not by itself create a constitutional violation under the determination of qualified immunity." *Id.* (citing Def.'s Reply (ECF No. 50)). Plaintiff's arguments is not well taken.

Selective and/or misleading assessment of the law and facts does not constitute new grounds that would provide a proper basis to support leave to file a surreply. The Court is quite capable of determining whether a party inaccurately presents the facts that are in the record and to assess the law that is controlling of the issues before it. Plaintiff's inappropriate use of a surreply here simply provides them with a means of having the last word on a defense motion.

## III.

For the reasons set forth above, the Court **DENIES** Plaintiff's *Motion for Leave to File Sur-Reply Brief Instanter in Opposition to Defendants' Motion to Dismiss*. (ECF No. 51).

**IT IS SO ORDERED.**

2-22-2019
DATE

JUDGE EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE