# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

AARON E. YOUNG,

      Plaintiff,

           Case No. 2:16-cv-250

vs.                Chief Judge Edmund A. Sargus, Jr.

           Chief Magistrate Judge Elizabeth P. Deavers

NICHOLAS HOOKS,

      Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendant's Motion to Dismiss (ECF No. 38), Plaintiff's Opposition (ECF No. 48), and Defendant's Reply (ECF No. 50).[1] For the reasons that follow, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED**.

## I.

On April 15, 2016, the Court granted Plaintiff Aaron E. Young, a state inmate proceeding without the assistance of counsel, leave to proceed *in forma pauperis* in this action. (ECF No. 4.) Shortly thereafter, Plaintiff filed an Amended Complaint under 42 U.S.C. § 1983, alleging that Defendant Nicholas Hooks, a corrections officer, violated Plaintiff's rights under the First and Eighth Amendments to the United States Constitution when Defendant conducted a search of Plaintiff's cell. (ECF No. 9 (the "Amended Complaint" or "Am. Compl.").) Plaintiff specifically alleges as follows:

> 5. Young stood outside of his cell with another correctional officer while Hooks searched the cell. Young and the correctional officer were engaged in a

---

[1] On February 22, 2019, the presiding Chief District Judge denied Plaintiff's motion for leave to file a sur-reply. (ECF No. 53.)

conversation about Young's job. Young informed the correctional officer that the only problem about his job that he was dissatisfied with was that his cell was being searched almost everyday (Prison staff whenever they were in unit A-4 [Plaintiff's unit], and was showing a newly hired staff on how to conduct a cell search, they would use Young's cell).

6. After hearing Young make the statement to the correctional officer, Hooks stated to Young: "If you don't like your cell being searched don't f --king come to jail. Now, get the f --k away from the cell!"

7. Young complied, and moved on the other side of the range, at least thirty (30) feet from his cell. However, Young still had a clear view of the inside of the cell.

8. Hooks came to the cell door and yelled, "Get the f--k away from the cell!"

9. Young, again complied, then went to the correctional officer podium to report to the block officer that Hooks was not following proper cell search procedure because he was throwing all of his property on the cell floor. Young further questioned was he permitted to be present while his cell was being searched.

10. When Young noticed Hooks walking towards the podium, he walked away[.]

11. Hooks yelled to Young: "Motherf--ker, where are you going? Bring your ass here, now!"

12. Once Young was back at the podium, he and Hooks engaged in a conversation.

13. Hooks asked Young did he want to fight him?

14. Young, acting in a non-combative manner, informed Hooks that he did not want to fight him.

15. Hooks stated to Young: "Shut your motherf--king mouth, bitch!" Hooks repeated said statement again after Young politely asked him not to disrespect him.

16. Hooks gave Young a direct order to get on the wall.

17. Young immediately complied with the order. He went and placed his hands on the window bars, spreading his legs further than shoulder length.

18. Instead of giving Young a direct order to spread his legs wider, Hooks began to viciously kick Young's ankles, causing Young to almost fall. Hooks then states to Young: "I am not going to take you to [segregation] but I will take you in your cell and beat your ass. The last inmate I put my hands on ended up in F.M.C. (Franklin Medical Center). I don't give a f-ck about sh-t because my daddy is the warden at Ross (Correctional Institution) and I won't get in to any trouble."

2

> 19. Due to Young being kicked in his ankles, his ankles became swollen and soar [sic], resulting in him having to limp.
>
> 20. When Young returned to his cell, he found all of his property scattered on the floor. He also discovered that the top on his prayer oil bottle was off and that the oil had been poured out.

(Am. Compl. at ¶¶ 5–20.) Plaintiff, a Muslim who is required to wear prayer oil during five daily prayers, alleges that Defendant used excessive force in violation of Plaintiff's rights under the Eighth Amendment when kicking Plaintiff in the ankles and that Defendant violated Plaintiff's rights under the First Amendment by pouring out his prayer oil. (*Id*. at ¶¶ 23–24.)

After performing an initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concluded that the matter could proceed on Plaintiff's First and Eighth Amendment claims. (ECF No. 6.) On February 7, 2017, the undersigned recommended that Defendant's motion to dismiss Plaintiff's claims be granted. (ECF No. 22.) Plaintiff objected to this recommendation (ECF No. 23), but the Court overruled his objections, granted Defendant's motion, and dismissed Plaintiff's claims. (ECF No. 25.) In concluding that there was no Eighth Amendment violation, the Court found that the force utilized in kicking Plaintiff's ankles was justified and reasonably applied in a good-faith effort to maintain or restore discipline and not maliciously or sadistically to cause harm and that the kicking was *de minimis*. (*Id*. at 5–8.) The Court went on to find that Plaintiff's deprivation of a single bottle of prayer oil was not inconsistent with his status as a prisoner or with legitimate penological objections of the corrections system and, even if Defendant intentionally poured out Plaintiff's prayer oil, the claim still fails because Defendant did not substantially burden Plaintiff's religious beliefs by pouring out a single bottle. (*Id*. at 8–10.)

Plaintiff appealed this adverse decision. (ECF Nos. 27, 33.) On September 5, 2018, the

United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of Plaintiff's free exercise claim but vacated its dismissal of Plaintiff's excessive force claim and remanded for further proceedings on that claim. (ECF No. 35 (concluding that Plaintiff did not sufficiently allege that Defendant substantially burdened his religious beliefs because Plaintiff alleged Defendant poured out his prayer oil on only a single occasion).) In reversing this Court's dismissal of the excessive force claim, the Sixth Circuit concluded that Plaintiff "provided facts sufficient to show that Hooks injured him and did so for the purpose of causing harm and as a ruse to get Young to retaliate." (*Id*. at 3; *see also* ECF No. 36 (mandate).)

Following remand, Defendant moved to dismiss Plaintiff's excessive force claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 38.) Plaintiff has opposed Defendant's Motion. (ECF No. 48.) With the filing of Defendant's reply memorandum ECF No. 50), this matter is ripe for resolution.

**II.**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

4

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

Finally, "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and therefore are liberally construed." *Olivares v. Michigan Worker's Comp. Agency*, No. 18-2369, 2019 WL 2299250, at *2 (6th Cir. Apr. 16, 2019) (citing *Williams v.*

*Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (vacating dismissal of civil rights complaint and remanding for further proceedings)); *see also Walker v. Miller*, No. 18-3209, 2018 WL 7575709, at *1 (6th Cir. Oct. 17, 2018) ("But we hold pleadings filed by a pro se litigant 'to less stringent standards than formal pleadings drafted by lawyers,' and [we] may not uphold the dismissal of' a pleading by a pro se litigant simply because we think the allegations unlikely.") (quoting *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007)). However, "'pro se plaintiffs are not automatically entitled to take every case to trial.'" *Robinson v. Killips*, No. 18-1485, 2019 WL 1931873, at *1 (6th Cir. Feb. 22, 2019) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)) (affirming in part and reversing in part dismissal of *pro se* complaint).

### III.

In moving to dismiss this action, Defendant argues that he is protected by qualified immunity in this case. (ECF No. 38 at 4–6.) As a preliminary matter, Plaintiff argues that Defendant has waived the qualified immunity defense because Defendant "did not object that the R&R failed to consider his qualified immunity defense. By failing to object, he waived his right to have the district judge review it and the right to raise it on appeal to the Sixth Circuit." (ECF No. 48 at 4 (citing, *inter alia*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).)

Plaintiff's argument is not well taken. The Sixth Circuit has "'held that a party, who substantially prevails in a magistrate judge's recommendation, does not waive the right to appeal secondary issues resolved against him by failing to object to the recommendation.'" *Vanwinkle v. United States*, 645 F.3d 365, 371 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005)); *see also id*. (explaining that in *Walters*, 638 F.2d 947, "the court held that a party must file objections to the magistrate judge's report and recommendation with the district court within the time permitted, or else waive the right to appeal"). "'Such a requirement would

only frustrate the judicial economy and litigant expense policies that underlie the *Walters* rule.'" *Id.* (quoting *Souter*, 395 F.3d at 586) (finding that the government did not waive its right to argue certain matters on appeal where "the magistrate judge recommended that the district court rule in the government's favor on all of Vanwinkle's claims, including the legal sufficiency claim, on the merits" and that to "require the government to object to this recommendation is illogical given the purpose of the *Walters* rule"). Here, the Report and Recommendation ruled in Defendant's favor, recommending that his motion to dismiss be granted. (*See* ECF No. 13 (moving for dismissal based on, *inter alia*, qualified immunity); ECF No. 22 (recommending that Defendant's motion to dismiss be granted).) Accordingly, Defendant did not need to object to the Report and Recommendation and therefore has not waived his qualified immunity defense. *See Vanwinkle*, 645 F.3d at 371.

Turning to the merits of the present Motion to Dismiss, Defendant argues that the Court should dismiss Plaintiff's excessive force claim under the Eighth Amendment because he is protected by the doctrine of qualified immunity. (ECF No. 38 at 4–6; ECF No. 50 at 3–7.) "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "The Supreme Court has explained that '[a]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (affirming denial of corrections officer's motion for summary judgment based on a claim of qualified immunity)). To state an Eighth Amendment claim, an inmate must satisfy a subjective and an objective component. *Id.* (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).

"The subjective component focuses on the state of mind of the prison officials. The relevant inquiry is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). In making this determination, courts consider "'the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted'" as well as "the circumstances 'as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.'" *Id*. (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

"The objective component requires the pain inflicted to be 'sufficiently serious.'" *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "This is a 'contextual' inquiry that is 'responsive to contemporary standards of decency.'" *Id*. (quoting *Hudson*, 503 U.S. at 8–9). "The seriousness of the injuries are not dispositive; as the Supreme Court has held, '[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident.'" *Id*. (quoting *Hudson*, 503 U.S. at 9); *see also Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (per curiam) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

In this case, the Court of Appeals for the Sixth Circuit, after considering the standard set forth in *Curtin*, concluded that Plaintiff sufficiently stated an Eighth Amendment claim, reasoning as follows:

> In his complaint, Young alleged among other things that Hooks tried to goad him into a fight and then, after ordering Young against the wall, violently kicked his ankles, causing him to fall and injuring him. After that, Hooks threatened violence against Young, bragged about hospitalizing another inmate, and claimed that he

8

> would not be subject to discipline because his father was the warden at another facility. *Accepting those allegations as true, we conclude that Young provided facts sufficient to show that Hooks injured him and did so for the purpose of causing harm and as a ruse to get Young to retaliate. And for that reason, we vacate the district court's dismissal of Young's excessive force claim.*

(ECF No. 35 at 2–3 (citations omitted) (emphasis added).)

While Plaintiff contends that the Sixth Circuit's finding is dispositive on this matter and that he has sufficiently stated a claim (*see* ECF No. 48 at PAGEID ## 206–09), Defendant disagrees. Specifically, Defendant insists that his search of Plaintiff's body did not violate Plaintiff's rights under the Eighth Amendment. (ECF No. 38 at 4–6; ECF No. 50 at 3–6.) Defendant goes on to argue that Plaintiff's "[b]are allegations of malice" are insufficient to defeat Defendant's qualified immunity defense and that "the actions taken by Defendant would not constitute a 'clearly established' right for the purposes of qualified immunity because a reasonable officer would have believed that Defendant's actions in effectuating a valid search were lawful in nature." (ECF No. 50 at 3, 6–7.)

Defendant's arguments are not well taken. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "'Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 914 (6th Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "To determine whether an officer is entitled to qualified immunity, a court

evaluates two independent prongs: whether the officer's conduct violated a constitutional right, and whether that right was clearly established at the time of the incident." *Id.* at 914–15 (citations omitted). Courts need not address these prongs sequentially and may address them in any order. *Id.*; *see also Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009) (citation omitted).

Here, at this stage of proceedings, Defendant is not entitled to qualified immunity on Plaintiff's Eighth Amendment excessive force claim. As a preliminary matter, while Defendant contends that bare allegations of malice are insufficient (ECF No. 50 at 4 (citing to cases resolved at or beyond the summary judgment stage)), "[o]n a motion to dismiss, '[w]e must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true.'" *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)). Notably, as set forth above, the Sixth Circuit has already determined that, accepting his allegations as true, Plaintiff's Complaint sufficiently states a claim for excessive force. (ECF No. 35 at 2–3.) Moreover, "the right to be free from excessive force is a clearly established right for purposes of the qualified immunity analysis." *Kostrzewa v. City of Troy*, 247 F.3d 633, 641 (6th Cir. 2001). Where the Sixth Circuit previously concluded that Plaintiff's allegations sufficiently show that Defendant injured Plaintiff "and did so for the purpose of causing harm and as a ruse to get [Plaintiff] Young to retaliate[,]" (ECF No. 35 at 3), Plaintiff's right to be free from excessive force was clearly established. *See Kostrzewa*, 247 F.3d at 641; *cf. Rafferty*, 915 F.3d at 1094 (noting that "[a]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" (citations omitted)); *Lustig v. Mondeau*, 211 F. App'x 364, 371–72 (6th Cir. 2006) ("It is sufficiently obvious . . . that it would be objectively unreasonable for an officer to gratuitously cause additional pain to a nonviolent and, at most, passively resistant detainee while she is being restrained in a full control

hold by two officers."). Defendant's request for qualified immunity on Plaintiff's excessive force claim under the Eighth Amendment should be denied at this juncture. *Id.*; *see also Stokes v. Love*, 2016 WL 5416531, 2016 WL 5416531, at *6 (W.D. Tenn. Sept. 28, 2016) ("While a single push or shove may indicate that the force used was not excessive, the question is whether the force was used in good faith, in an effort to maintain or restore discipline, or whether it was used maliciously in order to cause harm. Thus, the Court finds that Defendant is not entitled to qualified immunity.").

## IV.

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 38) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

      **IT IS SO ORDERED.**

|  |  |
|---|---|
|  | */s/ Elizabeth A. Preston Deavers* |
| **DATED: June 26, 2019** | **ELIZABETH A. PRESTON DEAVERS** |
|  | **CHIEF UNITED STATES MAGISTRATE JUDGE** |