IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON E. YOUNG,

    **Plaintiff,**

                                            Civil Action 2:16-cv-250
                                            Judge Edmund A. Sargus, Jr.
    v.                                     Chief Magistrate Judge Elizabeth P. Deavers

NICHOLAS HOOKS,

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel (ECF No. 58), Defendant's Opposition (ECF No. 61), and Plaintiff's Reply (ECF No. 62). The Court also considers Plaintiff's Motion for the Court to Direct the United States Marshal to Serve Subpoena (ECF No. 63) and Defendant's Response in Opposition (ECF No. 64).[1] For the reasons that follow, Plaintiff's Motion to Compel (ECF No. 58) and Motion for the Court to Direct the United States Marshal to Serve Subpoena (ECF No. 63) are **DENIED**.

### I.

**A.    Factual Allegations**

On April 15, 2016, the Court granted Plaintiff Aaron E. Young, a state inmate proceeding without the assistance of counsel, leave to proceed *in forma pauperis* in this action. (ECF No. 4.) Shortly thereafter, Plaintiff filed an Amended Complaint under 42 U.S.C. § 1983, alleging that Defendant Nicholas Hooks, a corrections officer, violated Plaintiff's rights under the First

---

[1] Plaintiff has not filed a reply memorandum in support of this Motion.

and Eighth Amendments to the United States Constitution when Defendant conducted a search of Plaintiff's cell. (ECF No. 9 (the "Amended Complaint" or "Am. Compl.").) Plaintiff specifically alleges as follows:

> 5. Young stood outside of his cell with another correctional officer while Hooks searched the cell. Young and the correctional officer were engaged in a conversation about Young's job. Young informed the correctional officer that the only problem about his job that he was dissatisfied with was that his cell was being searched almost everyday (Prison staff whenever they were in unit A-4 [Plaintiff's unit], and was showing a newly hired staff on how to conduct a cell search, they would use Young's cell).
>
> 6. After hearing Young make the statement to the correctional officer, Hooks stated to Young: "If you don't like your cell being searched don't f --king come to jail. Now, get the f --k away from the cell!"
>
> 7. Young complied, and moved on the other side of the range, at least thirty (30) feet from his cell. However, Young still had a clear view of the inside of the cell.
>
> 8. Hooks came to the cell door and yelled, "Get the f--k away from the cell!"
>
> 9. Young, again complied, then went to the correctional officer podium to report to the block officer that Hooks was not following proper cell search procedure because he was throwing all of his property on the cell floor. Young further questioned was he permitted to be present while his cell was being searched.
>
> 10. When Young noticed Hooks walking towards the podium, he walked away[.]
>
> 11. Hooks yelled to Young: "Motherf--ker, where are you going? Bring your ass here, now!"
>
> 12. Once Young was back at the podium, he and Hooks engaged in a conversation.
>
> 13. Hooks asked Young did he want to fight him?
>
> 14. Young, acting in a non-combative manner, informed Hooks that he did not want to fight him.
>
> 15. Hooks stated to Young: "Shut your motherf--king mouth, bitch!" Hooks repeated said statement again after Young politely asked him not to disrespect him.
>
> 16. Hooks gave Young a direct order to get on the wall.

17. Young immediately complied with the order. He went and placed his hands on the window bars, spreading his legs further than shoulder length.

18. Instead of giving Young a direct order to spread his legs wider, Hooks began to viciously kick Young's ankles, causing Young to almost fall. Hooks then states to Young: "I am not going to take you to [segregation] but I will take you in your cell and beat your ass. The last inmate I put my hands on ended up in F.M.C. (Franklin Medical Center). I don't give a f-ck about sh-t because my daddy is the warden at Ross (Correctional Institution) and I won't get in to any trouble."

19. Due to Young being kicked in his ankles, his ankles became swollen and soar [sic], resulting in him having to limp.

20. When Young returned to his cell, he found all of his property scattered on the floor. He also discovered that the top on his prayer oil bottle was off and that the oil had been poured out.

(Am. Compl. at ¶¶ 5–20.) Plaintiff, a Muslim who is required to wear prayer oil during five daily prayers, alleges that Defendant used excessive force in violation of Plaintiff's rights under the Eighth Amendment when kicking Plaintiff in the ankles and that Defendant violated Plaintiff's rights under the First Amendment by pouring out his prayer oil. (*Id*. at ¶¶ 23–24.)

**B.    Procedural History**

After this Court dismissed Plaintiff's claims (ECF No. 25), Plaintiff appealed. (ECF Nos. 27, 33.) On September 5, 2018, the United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of Plaintiff's free exercise claim but vacated its dismissal of Plaintiff's excessive force claim and remanded for further proceedings on that claim. (ECF No. 35 (concluding that Plaintiff did not sufficiently allege that Defendant substantially burdened his religious beliefs because Plaintiff alleged Defendant poured out his prayer oil on only a single occasion).) Following remand, Defendant moved to dismiss Plaintiff's excessive force claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 38), which this Court denied. (ECF Nos. 54, 55.)

Thereafter, the Court issued a case schedule, requiring, *inter alia*, that all discovery be completed by January 16, 2020, and that dispositive motions be filed by April 16, 2020. (ECF No. 57.) On November 12, 2019, Plaintiff filed a Motion to Compel Discovery (ECF No. 58), which Defendant opposes (ECF No. 61), and Plaintiff has filed a Reply (ECF No. 62). On December 20, 2019, Plaintiff filed a Motion for the Court to Direct the United States Marshal to Serve Subpoena (ECF No. 63), which Defendant opposes (ECF No. 64). Plaintiff did not file a reply memorandum. These matters are now ripe for resolution.

## II.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citations omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). "'The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.'" *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 593 (6th Cir. 2014) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Federal Rule of Civil Procedure 26(b) identifies the acceptable scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."), 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)[.]"). In short, "a plaintiff should have access to information necessary to establish her claim, but [] a plaintiff may not be permitted to 'go

4

fishing'; the trial court retains discretion." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)); *see also Superior Prod. P'ship v. Gordon Auto Body Parts Co., Ltd.*, 784 F.3d 311, 320–21 (6th Cir. 2015) ("In sum, '[a]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" (quoting *Surles ex rel. Johnson*, 474 F.3d at 305)).

"[T]he movant bears the initial burden of showing that the information is sought is relevant." *Prado v. Thomas*, No. 3:16-cv-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *Gruenbaum v. Werner*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id.* (citing *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

Finally, a party moving for an order compelling discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* S.D. Ohio Civ. R. 37.1 ("[M]otions . . . relating to discovery shall not be filed in this Court . . . unless the parties have first exhausted among themselves all extrajudicial

5

means for resolving the differences."). Here, Plaintiff includes a certification, representing that he attempted to confer with Defendant's counsel prior to filing the Motion to Compel. (ECF No. 58 at PAGEID # 259 (referring to Exhibit 5 (copy of correspondence), attached thereto at PAGEID #284).) The Court is satisfied that Plaintiff satisfies this prerequisite.

## III.

Plaintiff seeks an order compelling discovery from Defendant. (ECF No. 58.) In response, Defendant first argues that this Court should deny the Motion to Compel because Plaintiff does not state what remedy he seeks and, therefore, has violated Civil Local Rule 7.2(a)(1) by failing to adequately support the grounds for his Motion. (ECF No. 61 at 1–2.) Construing Plaintiff's Motion (ECF No. 58) and Reply (ECF No. 62) liberally, *see Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court understands that Plaintiff seeks an order compelling supplemental responses to several interrogatories and requests for production of documents. Considering this standard and based on the present record, the Court finds that Plaintiff's Motion is sufficiently supported. Defendant's argument to deny the Motion to Compel on this basis is therefore not well taken.

The Court now considers in turn each disputed discovery request that Plaintiff identifies in his Motion to Compel.

**A.     Interrogatory Nos. 3, 4, and 5**

Plaintiff's First Set of Interrogatories Nos. 3, 4, and 5 seek information related to Defendant's knowledge of and access to ODRC's policies. Specifically, these interrogatories and Defendant's answers are as follow:

> 3. As a correctional officer for ODRC do or did you have a duty to know all of ODRC's policies?

> **Objection: Vague and overbroad; Undue Burden; Ambiguous. Subject to and without waiving these specific objections and the general objections, Defendants answer as follows:**
>
> **Response: All ORDC Corrections Officers are trained on the policies and procedures of ODRC, and have a duty to know where to locate and review applicable policies if necessary. To the extent Plaintiff asks otherwise, Defendants object because information being sought will lead to annoyance, embarrassment, oppression, and / or an undue burden. FRCP 26(C).**
>
> 4. On March 22, 2015, did you know all of ODRC's Policies?
>
> **Objection: Vague and overbroad; Ambiguous. Subject to and without waiving these specific objections and the general objections, Defendants answer as follows:**
>
> **Response: All ORDC Corrections Officers are trained on the policies and procedures of ODRC. To the extent Plaintiff asks otherwise, Defendants object because information being sought will lead to annoyance, embarrassment, oppression, and / or an undue burden. FRCP 26(C).**
>
> 5. On march [sic] 22, 2015, did you have access to ODRC's Policies?
>
> **Objection: Vague and overbroad; Ambiguous. Subject to and without waiving these specific objections and the general objections, Defendants answer as follows:**
>
> **Response: All ORDC Corrections Officers are trained on the policies and procedures of ODRC. Those policies are always publicly available on the ODRC website. To the extent Plaintiff asks otherwise, Defendants object because information being sought will lead to annoyance, embarrassment, oppression, and / or an undue burden. FRCP 26(C).**

(ECF No. 58 at PAGEID ## 263–64 (emphasis in the original).)

Plaintiff contends that Defendant's responses are evasive and that Defendant should have responded with "a simple 'Yes' or 'No.'" (ECF No. 58 at PAGEID # 258; ECF No. 62 at PAGEID # 296.) Plaintiff argues that the requested information is relevant "to determine whether or not [Defendant] Hooks knew ODRC's Policies prior to using the excessive force" on

Plaintiff and that the requested information "may lead to potential information favorable to" Plaintiff's case. (*Id.*)

Plaintiff's arguments are not well taken. The Court finds Defendant's answers as presently formulated sufficiently responsive. Accordingly, as it relates to Plaintiff's First Set of Interrogatories Nos. 3, 4, and 5, the Motion to Compel (ECF No. 58) is **DENIED**.

**B.     Interrogatory No. 6**

Plaintiff's First Set of Interrogatories No. 6 and Defendant's answer are as follow:

6. What is the record retention schedule for video footage captured on one of ODRC's cameras that is part of a use-of-force investigation or is being litigated as fully set forth in ODRC Policy 09-INV-01 (D)(10)(a)&(b)?

**Objection: Vague; ambiguous; overly broad; unduly burdensome; unlimited in time, scope and subject; form; relevance; asked and answered. Subject to and without waiving these specific objections and the general objections, Defendants answer as follows:**

**Response: This is not a proper interrogatory for the party. Fed. R. Civ. P. 33(a)(l), a party may propound interrogatories to "any other party" however no named party is responsible for records retention. Defendant is not responsible for overseeing the records retention of stored video footage. Furthermore, Plaintiff sites [sic] to the requested information.**

(ECF No. 58 at PAGEID # 264 (emphasis in the original).)

Plaintiff contends that this information "is relevant to determine whether or not [Defendant] Hooks and ODRC intentionally destroyed evidence by not complying with ODRC record retention schedule. Hooks has already stated that the video footage of the incident no longer exist[s]." (ECF No. 58 at PAGEID # 258; ECF No. 62 at PAGEID # 296.) While Defendant responded that he is not the party responsible for records retention, he later represented to the Court in his response to Plaintiff's Motion for the Court to Direct the United States Marshal to Serve Subpoena that he obtained and sent a copy of the records retention policy to Plaintiff on December 20, 2019. (ECF No. 64 at 1.) Plaintiff has not filed a reply

8

memorandum addressing this matter. Therefore, based on the present record, this matter appears resolved. Accordingly, as it relates to Interrogatory No. 6, the Motion to Compel (ECF No. 58) and Motion for the Court to Direct the United States Marshal to Serve Subpoena (ECF No. 63) are **DENIED AS MOOT**.

**C.     Interrogatory Nos. 7 and 8**

Plaintiff's First Set of Interrogatories Nos. 7 and 8 seek information related to Defendant's training. Specifically, these interrogatories and Defendant's answers are as follow:

> 7. When you went through your training at the CTA, were you trained to kick an inmate, who you had full control of, legs apart when frisking the inmate?
>
> **Objection: Vague; ambiguous; overly broad; unduly burdensome; unlimited in time, scope and subject; oppressive; compound; form. Defendants object because information being sought will lead to annoyance, embarrassment, oppression, and / or an undue burden. FRCP 26(c). Defendants object that the information is not relevant, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections or any general objections or reservations, Defendants respond as follows:**
>
> **Response: All ORDC Corrections Officers are trained on the policies and procedures of ODRC. Those policies are always publicly available on the ODRC website. To the extent Plaintiff asks otherwise, Defendants object because information being sought will lead to annoyance, embarrassment, oppression, and / or an undue burden. FRCP 26(C).**
>
> 8. Have you ever received training by ODRC and was taught to kick an inmate, who you had full control of, legs apart when frisking the inmate?
>
> **Objection: Vague; ambiguous; overly broad; unduly burdensome; unlimited in time, scope and subject; oppressive; compound. Defendants object because information being sought will lead to annoyance, embarrassment, oppression, and / or an undue burden. FRCP 26(c). Defendants object that the information is not relevant, and the request. is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections or any general objections or reservations, Defendants respond as follows:**
>
> **Response: All ORDC Corrections Officers are trained on the policies and procedures of ODRC. Those policies are always publicly available on the ODRC website. To the extent Plaintiff asks otherwise, Defendants object**

9

> **because information being sought will lead to annoyance, embarrassment, oppression and / or an undue burden. FRCP 26(C).**

(ECF No. 58 at PAGEID ## 264–65 (emphasis in the original).)

Plaintiff contends that these answers are evasive and that the interrogatories "are relevant to determine whether or not [Defendant] Hooks was trained to kick an inmate who he had full control of while frisking the inmate, or was Hooks acting outside of his job scope." (ECF No. 58 at PAGEID # 259; ECF No. 62 at PAGEID # 297.) Plaintiff further argues that the requested information "may lead to potential information favorable" to his case. (*Id.*)

Plaintiff's arguments are not well taken. The Court finds Defendant's answers as presently formulated sufficiently responsive. Accordingly, as it relates to Plaintiff's First Set of Interrogatories Nos. 7 and 8, the Motion to Compel (ECF No. 58) is **DENIED**.

**D.    Interrogatory No. 10 and Request for Production ("RFP") No. 1**

Plaintiff's First Set of Interrogatories No. 10 and RFP No. 1 seek information related to Defendant's discipline, if any, while employed at ODRC. Specifically, these interrogatories and Defendant's answers are as follow:

> 10. Have you ever faced on-the-job-discipline while· being employed by ODRC, and if your answer is "Yes" explain what you were disciplined for?
>
> **Objection: Seeks confidential information; Lack of relevance; Vague; ambiguous; overly broad; unduly burdensome; unlimited in time, scope and subject; oppressive; compound. Defendants object because information being sought will lead to annoyance, embarrassment, oppression, and / or an undue burden. FRCP 26(c). Defendants object that the information is not relevant, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections or any general objections or reservations, Defendants respond as follows:**
>
> **Response: Plaintiff is seeking confidential personal information of Defendant ODRC Corrections Officer. The release of these confidential records to incarcerated individuals raises security concerns.**

(ECF No. 58 at PAGEID # 266 (emphasis in the original).)

> 1. Produce all documents pertaining to any work discipline you received while being employed by ODRC.
>
> **Objection: Seeks confidential information; Lack of relevance; Vague; ambiguous; overly broad; unduly burdensome; unlimited in time, scope and subject; oppressive. Defendants object because information being sought will lead to annoyance, embarrassment, oppression, and / or an undue burden. FRCP 26(c). Defendants object that -the information is not relevant, and the request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections or any general objections or reservations, Defendants respond as follows:**
>
> **Response: Plaintiff is seeking confidential personal information of Defendant ODRC Corrections Officer. The release of these confidential records to incarcerated individuals raises security concerns.**

(ECF No. 58 at PAGEID # 272 (emphasis in the original).)

Plaintiff contends that Defendant's responses are misleading because the requested information is not confidential and is a public record. (ECF No. 58 at PAGEID # 259; ECF No. 62 at PAGEID # 297.) Plaintiff further argues that this information "is relevant to determine whether or not [Defendant] Hooks has exhibited similar behavior of abusing his powers" and the information "may lead to potential information favorable to Young." (*Id.*)

Plaintiff's arguments are not well taken. The Court is not persuaded that this overbroad request is relevant to whether Defendant used excessive force in the particular incident at issue in this case involving Plaintiff. *See Brooks v. Yates*, No. 1:09-cv-922, 2011 WL 6257684, at *1 (S.D. Ohio Dec. 15, 2011) (sustaining correction officers objection to inmate's request for production of officer's disciplinary records on grounds of relevancy and overbreadth where inmate sought records to demonstrate that the officers had a history of violent acts). While Plaintiff speculates that the requested information "*may* lead to *potential* information favorable to Young[,]" (ECF No. 58 at PAGEID # 259 (emphasis added); ECF No. 62 at PAGEID # 297 (emphasis added), Plaintiff is not permitted to "go fishing[.]" *Anwar*, 876 F.3d at 854. Finally,

even if the requested information had some relevance, Plaintiff has not persuaded this Court that this degree of relevance outweighs the security concerns triggered in the production of such records in this case. *See Perry v. Rousseau*, No. 18-cv-12914, 2019 WL 3561920, at *3 (E.D. Mich. Aug. 6, 2019) (denying prisoner plaintiff's motion to compel where the defendants' disciplinary records "could contain information not within the general knowledge of the prison population, such as specific prison policies or protocols violated by an employee, the disclosure of which could undermine the security of the prisons" and "could also contain information about Defendants that could make them vulnerable to prisoner threats or manipulation. Plaintiffs' [sic] general assertion of relevance does not outweigh the security and safety concerns associated with production of Defendants' disciplinary records"). Accordingly, as it relates to Plaintiff's First Set of Interrogatories No. 10 and RFP No. 1, the Motion to Compel (ECF No. 58) is **DENIED**.

**E.     RFP No. 5**

Plaintiff's RFP No. 5 and Defendant's response are as follow:

5. Produce the video footage of you kicking my ankles on March 22, 2015.

**Objection: Vague; and ambiguous. Subject to and without waiving these specific objections and the general objections, Defendants answer as follows:**

**Response: No video of the alleged incident exists.**

(ECF No. 58 at PAGEID # 273 (emphasis in the original).)

Plaintiff contends that this information is readily available to Defendant and should be produced. (ECF No. 58 at PAGEID # 258–59; ECF No. 62 at PAGEID # 296–97.) The Court disagrees. Defendant has represented that no video of the allege incident exists. The Court cannot compel Defendant to produce something that does not exist. *See Miller v. Experian Info. Sol., Inc.*, No. 3:13-cv-90, 2014 WL 5513477, at *2 (S.D. Ohio Oct. 31, 2014) (collecting cases establishing that "[p]arties have no duty to create documents simply to comply with another

12

party's discovery request."); *see also Brown v. Warden Ross Corr. Inst.*, No. 2:10-cv-822, 2011 WL 1877706, at *5 (S.D. Ohio May 16, 2011) ("Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have."). Accordingly, as it relates to RFP No. 5, the Motion to Compel (ECF No. 58) is **DENIED**.

## IV.

For all these reasons, Plaintiff's Motion to Compel (ECF No. 58) is **DENIED** consistent with the foregoing and Motion for the Court to Direct the United States Marshal to Serve Subpoena (ECF No. 63) is **DENIED AS MOOT**.

Considering the procedural history and current posture of this Court, the undersigned finds that this case would benefit from Court-facilitated mediation. The Court will issue a separate order addressing such mediation, including the appointment of a *pro bono* attorney to represent Plaintiff for the *limited purpose* of representing Plaintiff in settlement negotiations.

**IT IS SO ORDERED.**


**Date: January 27, 2019**          */s/ Elizabeth A. Preston Deavers*
                                     **ELIZABETH A. PRESTON DEAVERS**
                                     **CHIEF UNITED STATES MAGISTRATE JUDGE**